...

Julie Pollock (SBN 346081)
BERGER MONTAGUE PC
505 Montgomery St, Suite 625
San Francisco, CA 94111
Tel: (415) 906-0684; Fax: (215) 875-4604
jpollock@bm.net

John G. Albanese*
BERGER MONTAGUE PC
1229 Tyler Street NE, Suite 205
Minneapolis, MN 55413
Tel: 612-594-5999; Fax: 612-584-4470
jalbanese@bm.net
*pro hac vice

*Attorneys for Plaintiff*

John A. Vogt (SBN 198677)
javogt@jonesday.com
JONES DAY
3161 Michelson Drive, Suite 800
Irvine, CA 92612
Tel: 949.851.3939; Fax: 949.553.7539

Oren R. Depp
odepp@jonesday.com
110 North Wacker Drive, Suite 4800
Chicago, IL 60606
Tel: 312.269.4208
*pro hac vice

*Attorneys for Defendant*

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FELICIA ROBINSON, individually and on behalf of those similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>EXPERIAN INFORMATION SOLUTIONS, LLC,<br><br>    Defendant. | CASE NO. 3:24-cv-2163-CRB<br><br>**JOINT CASE MANAGEMENT STATEMENT** ; ORDER |

Plaintiff Felicia Robinson ("Plaintiff") and Defendant Experian Information Solutions, Inc.[1] ("Experian") (together, the "Parties"), hereby provide the following Joint Case Management Statement pursuant to ECF No. 22, and the Standing Order for All Judges of the Northern District of California:

1. <u>Jurisdiction and Service.</u>

This Court has jurisdiction over this action pursuant to 15 U.S.C § 1681p, 28 U.S.C. § 1331, and supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367(a). Jurisdiction is also appropriate under the Class Action Fairness Act, 28 U.S.C. § 1332(d), because at least one class member is a citizen of a different state than Defendant.

Defendant was served on April 12, 2024. (ECF No. 9.)

2. <u>Facts</u>.

**Plaintiff's Position:** Plaintiff first opened a Fingerhut Advantage account in or around March 2019. Plaintiff kept her Fingerhut Advantage account in good standing and made her payments on time. In or around April 2022, Fingerhut opened a new "Fetti" account for Plaintiff without her permission. Fingerhut reported the new account to Defendant as a separate tradeline with an account opening date in April 2022. The Fingerhut Fetti account has the same credit limit as the Fingerhut Advantage account. Plaintiff never used the Fingerhut Fetti account. Since April 2022, Defendant has disseminated Plaintiff's consumer report to numerous third parties on multiple occasions. Those reports contain or incorporate the inaccurate account information regarding the Fingerhut Fetti account. Defendant issued inaccurate reports on Plaintiff to, among others, Patelco Credit Union in May 2022, Capital One NA in May 2022, and Discover Financial Services in September 2022 and September 2023. Plaintiff has disputed to Defendant that the reporting is inaccurate through a written dispute in February 2022. Defendant received Plaintiff's

---

[1] Erroneously named in caption as "Experian Information Solutions, LLC."

disputes but did not change its reporting. Defendant's inaccurate reporting has falsely portrayed Plaintiff as opening an account that she never opened, inaccurately portrayed her credit history, and caused her anxiety, worry, and frustration about the information being disseminated to her potential creditors.

**Experian's Position:** Experian states it is a consumer credit reporting agency, as that term is defined by the Fair Credit Reporting Act ("FCRA"), 15 U.S.C.§ 1681 *et seq*. Experian essentially functions as a storehouse of credit information concerning hundreds of millions of consumers nationwide, collecting and storing credit information originated by others. Experian does not generate credit information itself, nor does it make loans, decide who should receive credit, or set loan terms.

Experian accurately reported the account information at issue. Experian's reasonable procedures were followed at all times with respect to Plaintiff's and any potential class members' credit files, and Experian conducted a reasonable reinvestigation of any allegedly disputed account information. Experian is a third-party to Plaintiff's contractual relationship with Fingerhut and cannot make legal determinations about the validity of either Fingerhut or Plaintiff's actions with respect to the account information Fingerhut reported to Experian. Experian denies its reporting damaged Plaintiff or any potential class members or otherwise negatively impacted their creditworthiness.

3.     Legal Issues.

**Plaintiff's Position:** The Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA") governs the conduct of consumer reporting agencies ("CRAs"), including Defendant. In particular, and as relevant here, the FCRA requires that when preparing consumer reports, a CRA, like Experian, must follow "reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b). The CCRAA has a parallel requirement, Cal. Civ. Code § 1785.14(b). In addition, the FCRA permits consumers to dispute the accuracy of their reports, which requires the CRA to reinvestigate the

reporting. 15 U.S.C. § 1681i(a). Again, the CCRAA has a similar provision, Cal. Civ. Code § 1785.16(a).

Plaintiff's claims arise out of Experian's inaccurate reporting of credit information to third parties. Specifically, Plaintiff alleges that Experian reported that Plaintiff opened an account with Fingerhut in April 2022, when Plaintiff had done no such thing. Experian then distributed this false reporting to several of Plaintiff's potential creditors. In addition, Plaintiff alleges that she disputed to Defendant that its reporting was inaccurate. Defendant, however, failed to change its reporting. Plaintiff thus asserts that Experian willfully and/or negligently violated § 1681e(b) of the FCRA and § 1785.14(b) of the CCRAA by failing to follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's consumer reports, which Experian disseminated to Plaintiff's potential creditors on at least four occasions. Plaintiff further asserts that Experian willfully and/or negligently violated § 1681i(a) of the FCRA and § 1785.16(a) of the CCRAA by failing to conduct a reinvestigation to determine if the information it reported was accurate, and by failing to correct inaccurate information. Finally, Plaintiff alleges that Defendant violated the UCL through its violations of the FCRA and CCRAA, and through its otherwise unfair and fraudulent conduct. Plaintiff seeks actual, statutory, and punitive damages, and costs and attorneys' fees from Experian for its willful and/or negligent violations of the FCRA and CCRAA. She also seeks injunctive relief under the UCL.

**Experian's Position:** Experian's denies that its reporting of the Fingerhut accounts was inaccurate within the meaning of the FCRA and CCRA.  Experian also denies that its procedures at issue were unreasonable.  Experian denies that Plaintiff can prove actual damages and denies that Plaintiff can show a willful violation of the law. Plaintiff's UCL claim fails for similar reasons. Experian also states that Plaintiff cannot certify a class, as there is no commonality or typicality among potential class members and certification would otherwise fail the requirements of Rule 23.

4. <u>Motions</u>.

**Prior Motions:** On May 22, 2024, Defendant filed a Motion to Compel Arbitration, in response to Plaintiff's Complaint. (ECF No. 17.) The parties stipulated to arbitrate the question of arbitrability before the American Arbitration Association ("AAA") on June 3, 2024. (ECF No. 19.) After briefing and a hearing on the issue, the AAA arbitrator concluded that Plaintiff's claims were not within the scope of Defendant's arbitration provisions, and that litigation should continue in this Court. (ECF No. 21.)

**Anticipated Motions:** Plaintiff filed this case as a class action, thus anticipates filing a motion for class certification.

Experian anticipates filing a motion for judgment on the pleadings and/or motion for summary judgment.

5. <u>Amendment of Pleadings</u>.

Plaintiff does not anticipate amending her complaint at this time.

Deadline for Amending the Pleadings: 8/11/2025.

6. <u>Evidence Preservation</u>.

The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"), and confirm that the parties have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action.

7. <u>Disclosures</u>.

The parties agree to exchange the initial disclosures required by Fed. R. Civ. P. 26(a)(1) by February 26, 2025.

8. <u>Discovery</u>.

The case was stayed pending the AAA matter's resolution on arbitrability, thus no discovery has been taken to date. The parties anticipate exchanging written discovery and productions following this initial case management conference. The parties anticipate agreeing to an ESI protocol and protective order as well.

9. <u>Class Actions</u>.

The parties' counsel state that they have reviewed the Procedural Guidance for Class Action Settlements.

Plaintiff anticipates moving for class certification by February 21, 2026.

10. <u>Related Cases</u>.

Plaintiff has a pending matter in the United States District Court for the District of Minnesota against Fingerhut related to its opening of the Fetti account. *Gross, Robinson v. BLST Operating Co., LLC*, No. 0: 23-cv-00164-KMM-TNL (D. Minn.).

11. <u>Relief</u>.

For Plaintiff's claims under the FCRA (Counts I, II), she seeks, on behalf of herself and the class members, actual damages and/or statutory damages, punitive damages, costs and attorneys' fees from the Defendant in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o and 15 U.S.C. § 1681n. For Plaintiff's claims under the CCRA (Counts III, IV), she seeks, on behalf of herself and the class members, actual damages, punitive damages, injunctive relief, costs and attorneys' fees from the Defendant pursuant to Cal. Civ. Code § 1785.31. For her claim under the Cal. Bus. & Prof. Code § 17200, *et seq.* (Count V), Plaintiff seeks injunctive relief to stop Defendant's practices at issue, and recovery of attorneys' fees and costs.

At this time, Experian does not have sufficient information to state the bases on which it contends damages should be calculated, which will be developed when discovery commences.

12. <u>Settlement and ADR</u>.

The parties agree that private mediation is appropriate in this case. The parties have discussed settlement and have expressed a mutual desire to resolve this case prior to any need for mediation. The parties do not anticipate particular discovery or motions necessary prior to negotiating a resolution.

13. <u>Other References</u>.

The parties agree that this case is not suited for binding arbitration in light of the parties' prior arbitration with the AAA, where an arbitrator found Plaintiff's claims were not within the scope of Defendant's arbitration provisions, and that litigation should continue in this Court. (ECF No. 21.)

The parties agree that this case is not suited for reference to a special master or the Judicial Panel on Multidistrict Litigation.

14. <u>Narrowing of Issues</u>.

**Plaintiff's Position:** There are numerous potentially dispositive issues in this case, including whether Experian's reporting of a "new" credit account that Plaintiff did not open was accurate, and whether Experian's reporting of a "close date" on an account that Plaintiff did open, but that was simply subject to a new financing arrangement *by Defendant* was accurate. These are factual issues that do not constitute a "legal dispute with Experian" but instead involve the same question as that raised in FCRA suits every day: did Experian's reporting match the facts in the world? This is plainly a case about facts, not a legal dispute. Also at issue is the willfulness of Experian's reporting. Given their fact-bound nature, these issues do not lend themselves to motions for judgment on the pleadings. Plaintiff opposes any schedule that would allow Experian to file serial motions for summary judgment. There is no reason to front-load Experian's favored defense, as it will require the same factual discovery as all other issues related to liability and

serial briefing on summary judgment will unnecessarily waste the Court's and the parties' resources. Briefing class certification and summary judgment simultaneously is the far more efficient way to proceed.

**Experian's Position:** Experian identifies the following issue as most consequential to this case: whether Plaintiff's allegations of an inaccuracy are based on (1) an actionable factual inaccuracy under the FCRA and CCRAA or (2) a legal dispute with Fingerhut that Experian is not required to resolve under the FCRA and CCRAA.  Experian believes the Court can resolve this issue through early resolution of a motion for judgment on the pleadings or a later motion for summary judgment.

15.     <u>Expedited Trial Procedure</u>

The parties agree that this case is not suited for this district's Expedited Trial Procedure of General Order 64.

16.     <u>Scheduling</u>.

Deadline to Complete Early Mediation:  4/11/2025

Fact Discovery Cutoff: 11/11/2025

Designation of Experts: 12/15/2025

Expert Discovery Cutoff: 1/31/2026

Deadline for Dispositive Motions and Motion for Class Certification: 2/21/2026

Hearing of Dispositive Motions: at the Court's discretion

Pretrial conference: deferred pending decision on class certification and dispositive motions.

Trial: deferred pending decision on class certification and dispositive motions.

17.     <u>Trial</u>.

Plaintiff has demanded a jury trial with her complaint (ECF No. 1), and anticipates trial to take between 7 and 10 days.

18. <u>Disclosure of Non-party Interested Entities or Persons</u>.

Plaintiff filed her Local Rule 3-15 Certification on April 11, 2024 (ECF No. 3).

Experian filed its Local Rule 3-15 Certification on February 19, 2025 (ECF No. 28).

19. <u>Professional Conduct</u>.

The parties' counsel have reviewed the Guidelines for Professional Conduct for the Northern District of California.

20. <u>Other</u>

N/A.

Dated: February 21, 2025                BERGER MONTAGUE PC

                                        /s/John G. Albanese
                                        John G. Albanese, *pro hac vice*
                                        *ATTORNEYS FOR PLAINTIFF*

Dated: February 21, 2025                JONES DAY

                                        /s/Oren R. Depp
                                        Oren R. Depp, IL Bar No. 6345841
                                        *pro hac vice
                                        *ATTORNEYS FOR DEFENDANT*

CASE MANAGEMENT ORDER

The above JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER is approved as the Case Management Order for this case and all parties shall comply with its provisions. [In addition, the Court makes the further orders stated below:]

The Court adopts the joint case management statement. Case Management Conference set for February 28, 2025. A Joint Case Management Statement due by 5/30/2025. Case Management Conference set for 6/6/2025 at 8:30 a.m.

SO ORDERED.

Date: February 24, 2025

Hon. Charles R. Breyer
Senior U.S. District Judge